IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PAKISTAN POWER RESOURCES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-07-1088-L |
| | ) | |
| ALLENBOROUGH ENERGY CORP., | ) | |
| LEE DERR and ROBERT "LOGAN" | ) | |
| DIXON, | ) | |
| | ) | |
| Defendants. | ) | |

## **O R D E R**

In June 2007, plaintiff Pakistan Power Resources, LLC, an Oklahoma limited liability company, was constructing an electric generation plant in Pakistan. Affidavit of Deena L. Smith at ¶¶ 2-3. To complete the project, it required three 4000 amp breakers. Id. at ¶ 3 and Email 1. Plaintiff contends defendants Allenborough Energy Corp. ("AEC"), Lee Derr, and Robert "Logan" Dixon agreed to sell the breakers to plaintiff, but breached the parties' contract by failing to provide the equipment.[1] On September 27, 2007, plaintiff filed this action seeking damages for breach of contract and fraud. AEC and Derr are Kansas residents, and it appears Dixon is a resident

---

[1] In their motion to dismiss, defendants Derr and AEC deny the existence of an enforceable contract between them and plaintiff. Defendants Allenborough Energy Corporation and Lee Derr's Motion to Dismiss at 9-11.

1

of the State of Colorado.[2]  This matter is before the court on a motion to dismiss presented by AEC and Derr.  AEC and Derr seek dismissal of the complaint for lack of personal jurisdiction and for failure to state a claim.[3]

The standard governing a motion to dismiss for lack of personal jurisdiction is clear.  Due process requires that a non-resident defendant must have certain minimum contacts with the forum state before the court can assume personal jurisdiction over him.  See International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); Trierweiler v. Croxton & Trench Holding Corp., 90 F.3d 1523, 1532 (10th Cir. 1996).  Personal jurisdiction can either be specific or general.[4]  Specific jurisdiction arises out of a defendant's specific contacts with the forum state.  Rambo v. American Southern Ins. Co., 839 F.2d 1415, 1418 (10th Cir. 1988).  A court has specific jurisdiction when "there is some act by which the defendant purposely avails itself of the privileges of conducting activities within the forum state, thus invoking the benefits and protections of its laws."  Hanson v. Denckla, 357 U.S. 235, 253 (1958); Trierweiler, 90 F.3d at 1532.  "Purposeful availment analysis turns upon whether the

---

[2]Dixon has not entered an appearance in this action and the record does not reflect whether service has been perfected on him.

[3]As the court lacks personal jurisdiction over AEC and Derr, it does not address their motion to dismiss for failure to state a claim.

[4]Plaintiff concedes that the court does not have general jurisdiction over defendants.  When general jurisdiction exists, a court may exercise personal jurisdiction over a non-resident defendant even if the action is unrelated to the defendant's contacts with the state.  In order for the court to assert such jurisdiction, however, defendants' contacts with the forum state must not only be substantial, but also must be continuous and systematic.  See Trierweiler, 90 F.3d at 1533.  There are no allegations that defendants have such contacts with Oklahoma.

defendant's contacts are attributable to his own actions or solely to the actions of the plaintiff . . . [and generally] requires . . . affirmative conduct by the defendant which allows or promotes the transaction of business within the forum state." Rambo, 839 F.2d at 1420 (*quoting* Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 840 (9th Cir. 1986)).

> This "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts, or of the "unilateral activity of another party or a third person." Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant *himself* that create a "substantial connection" with the forum state.

Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (citations omitted) (emphasis in original).

Regardless of whether the court has general or specific jurisdiction, a defendant's conduct and connection with the forum state must be such that it could reasonably anticipate being haled into court in that forum. *See* World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). This is because, in determining whether the court has personal jurisdiction over a defendant, the court must ensure that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." Id. at 292. In this respect, the exercise of jurisdiction must be reasonable. Rambo, 839 F.2d at 1419 n.6. Plaintiff bears the

burden of establishing that the court has personal jurisdiction over a defendant. *See*

Wenz v. Memery Crystal, 55 F.3d 1503, 1505 (10th Cir. 1995).

> Prior to trial, however, when a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing. The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits.

Behagen v. Amateur Basketball Ass'n of the United States, 744 F.2d 731, 733 (10th Cir. 1984), *cert. denied*, 471 U.S. 1010 (1985) (citations omitted).

Plaintiff contends the court has specific jurisdiction over defendants based on defendants' contacts with Oklahoma. Specifically, plaintiff argues:

> Defendants' contacts with Plaintiff in Oklahoma included no fewer than 77 Internet emails and as well as a significant number of telephone communications, all with Plaintiff in its Oklahoma City offices. Defendants, through their purposeful contacts with Oklahoma, solicited a sale of the Contracted Breakers, made inducing representations (or, as it proved, *mis*representations), agreed to sell the Contracted Breakers to Plaintiff, wrongfully took Plaintiff's deposit monies, failed to deliver (or even have available to sell) the Contracted Breakers and wrongfully refused to return Plaintiff's deposit monies, all resulting in actionable damages to Plaintiff.

Plaintiff's Response to Motion to Dismiss of Defendant AEC and Defendant Derr at 3-4 (citations omitted; emphasis in original).

The facts, however, do not support plaintiff's assertion that defendants' conduct was purposefully aimed at Oklahoma. Of the 77 e-mails alluded to by plaintiff, only 17 were authored by Derr and none of the communications were to

4

plaintiff. Rather, Derr communicated with Deena L. Smith, project manager of Walters Power International ("Walters"), an affiliate of plaintiff.[5] See Complaint at ¶ 6. Furthermore, it was Smith who initiated the contact with AEC and Derr by soliciting bids for the equipment, and even that contact was initially indirect. Smith began the process of procuring the breakers by sending an e-mail to a broker named Frank Wylie.[6] Affidavit of Deena L. Smith at Email 1. On July 3, 2007, Wylie transmitted a proposal to Smith to provide three breakers for $40,850.00 each. Id. at Email 4, page 2 of 2. The next day, Smith e-mailed Wylie with a request for "contact information of someone that can answer our questions regarding the breakers. . . . Upon receiving our answers, and provided they are satisfactory to us, we will be ready to proceed with the immediate purchase." Id. at Email 8. At that point, Wylie told Smith to contact Dixon at Lyons Electrical. Id. at Email 9. It was not until July 5, 2007 that Derr and AEC contacted Smith directly. On that date, Derr transmitted a proforma invoice to Smith via e-mail. Id. at Email 13. The invoice reflected the sale of three Pow-R-Breakers to Walters to be shipped from Europe to an unknown site. Id. at Email 13, page 2 of 3. On July 6, 2007, Smith directed that

---

[5]According to Smith's affidavit, Walters manages plaintiff's affairs in the United States and Smith "has the responsibility to locate, purchase and arrange for shipment to Pakistan of, or to 'source,' equipment components for the Pakistan power plant project of Plaintiff". Affidavit of Deena L. Smith at ¶ 5.

[6]Smith refers to Wylie as "Defendants' agent." Affidavit of Deena L. Smith at ¶ 8. There is, however, no evidence to support this assertion, nor is there any indication that Wylie was subject to defendants' control. See Melea, Ltd. V. Jawer SA, __ F.3d __, 2007 WL 4510263 at *7 (10th Cir. 2007).

money be transferred from plaintiff's account to AEC via wire transfer for the down payment on the three breakers. Id. at Email 22. Thereafter, Derr and Smith communicated regarding shipment of the breakers, with Smith instructing Derr to contact Global Project Cargo in Woodlands, Texas to schedule delivery of two of the breakers to Dallas Ft. Worth Airport in Texas. Id. at Email 42. Smith also instructed Derr to list the Consignee of the breakers as Pakistan Water & Power Development Authority in Lahore, Pakistan and the buyer as Pakistan Power Resources, LLC at Walters' address in Oklahoma City. Id. at Email 44. Smith indicated this would "help us not have to pay duties." Id. Derr complied with Smith's request and transmitted an invoice via e-mail. Id. at Email 43.

In determining whether defendants' contacts with Oklahoma are sufficient to exercise jurisdiction over them, "[i]t is . . . prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing – that must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum." Far West Capital, Inc. v. Towne, 46 F.3d 1071, 1075 (10th Cir. 1995) (*quoting* Burger King Corp., 471 U.S. at 478-79). In this case, the parties' course of dealing reflects that Oklahoma was not the focal point of the alleged contract; rather, defendants – who are citizens of Kansas – were to deliver breakers to Texas for delivery to Pakistan. Furthermore, there is no indication that defendants contemplated entering into a continuing business relationship with either Walters or plaintiff. *Cf.* AST Sports Science, Inc.

V. CLF Dist. Ltd., __ F.3d __, 2008 WL 217722 (10th Cir. 2008) (parties had an on-going business relationship for seven years).  The only connection with Oklahoma is Smith's and plaintiff's presence[7] in the state and the minimal communications with Smith via e-mail and telephone.  Plaintiff's location in Oklahoma, however, is merely fortuitous and cannot establish *defendants'* purposeful activities.  Moreover, defendants did not solicit plaintiff's business; rather, defendants responded to a request from a third party.[8]  Furthermore, plaintiff cannot rely on the unilateral activity of its agent in sending e-mails to defendants to demonstrate defendants' contacts with the state.[9]

Nor can the court assert personal jurisdiction over defendants based on the allegation that they intentionally committed a tort that caused injury in Oklahoma.  Injury in the forum state is, by itself, insufficient.  Plaintiff must still "point to other actions that adequately demonstrated that the defendants targeted (or 'expressly aimed' their conduct at) the forum, and thereby showed that the forum was the focal

---

[7]Even if it could be shown that defendants knew they were entering into a contract with an Oklahoma company, that fact standing alone is insufficient to cause defendants to anticipate being haled into court in Oklahoma.  See IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 262 (3d Cir. 1998).

[8]The record does not reflect Wylie's residence or place of business, but does indicate he uses a telephone number with a Northern California area code.  See Affidavit of Deena L. Smith at Email 4.

[9]The court gives little weight to the e-mail correspondence that occurred once Smith realized the breakers had not been delivered.  See Affidavit of Deena L. Smith at Email 45 - Email 77.  As the Tenth Circuit has noted, "[a]ffording less weight to this . . . type of contacts ensures that parties will not avoid attempting to resolve their disputes informally, for fear that the flow of communications as part of such efforts will subject them to jurisdiction in a foreign forum where they could not otherwise be haled into court."  Pro Axess, Inc. v. Orlux Distribution, Inc., 428 F.3d 1270, 1278 n.5 (10th Cir. 2005).

point of the tortious activity." IMO Industries, Inc., 155 F.3d at 263. *See also* Far West Capital, Inc., 46 F.3d at 1080. Plaintiff's reliance on Calder v. Jones, 465 U.S. 783 (1984), is misplaced as the case is clearly distinguishable and has been limited in its application to business torts. Far West Capital, Inc., 46 F.3d 1079-80. Moreover, as the Court of Appeals for the Tenth Circuit recently reaffirmed:

> But under the *Calder* test plaintiffs have invoked, they must establish . . . not only that defendants foresaw (or knew) that the effects of their conduct would be felt in the forum state, but also that defendants undertook *intentional actions that were expressly aimed at that forum state*.

Dudnikov v. Chalk & Vermilion Fine Arts, Inc., __ F.3d __, 2008 WL 217724 at *10 (10th Cir. 2008). This, plaintiff has not done. There is no indication defendants purposefully directed their actions at the State of Oklahoma or knew that the effects of their conduct would be felt in Oklahoma. Indeed, the brunt of the injury from the failure to deliver the breakers occurred in Pakistan, not Oklahoma. Furthermore, there is no indication in the record that Oklahoma "had anything but a fortuitous role in the parties' past dealing or would have any role in their continuing relationship." Far West Capital, Inc., 46 F.3d at 1080. For that matter, there is no indication that the parties intended to conduct any further transactions or have any continuing relationship.

In sum, the court finds plaintiff has failed to sustain its burden of showing that defendants have sufficient minimum contacts with the State of Oklahoma to support the exercise of personal jurisdiction over them. Defendants Allenborough Energy

Corporation and Lee Derr's Motion to Dismiss (Doc. No. 9) is therefore GRANTED. This action is DISMISSED as to defendants Allenborough Energy Corporation and Lee Derr for lack of personal jurisdiction.

It is so ordered this 5th day of February, 2008.

*Tim Leonard*
TIM LEONARD
United States District Judge